UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PARKWOOD DEVELOPMENTS LTD.

CV 13                 Civil Action No.                  1062

                Plaintiff

**COMPLAINT**

    -against-

ABRAHAM SOFER, HERSHKOWITZ BEDDING
NY, INC, MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, AS NOMINEE OF FIRST CENTRAL SAVINGS
BANK, ELI KAUFMAN, THE CITY OF NEW YORK, NEW
YORK CITY ENVIRONMENTAL CONTROL AND NEW
YORK CITY PARKING VIOLATIONS BUREAU,

**VITALIANO, J.**

**AZRACK, M.J.**

                Defendants.
-------------------------------------------------------------------x

Plaintiff, complaining of defendants, alleges:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 28 U.S.C. 1332(a).

2.  The amount in controversy exceeds $75,000.00.

3.  Venue lies in this District because real property which is the subject of this action

    is located in the Eastern District of New York.

4.  Plaintiff is a corporation incorporated in the United Kingdom and maintains its

    principal place of business in the City of London, England, United Kingdom.

5.  Each defendant is a citizen of the State of New York.

## CAUSE OF ACTION

2013 FEB 28 AM 11: 16   FILED CLERK   U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK

6. Plaintiff is the holder of a mortgage on premises known as 1052 42nd Street, Brooklyn, New York, Block 5596, Lot 40, which property is more particularly described in Schedule A annexed hereto.

7. On April 25, 2006, Abraham Sofer also executed a note in favor of First Central Savings Bank in the sum of $682,500.00 ("Note").

8. Plaintiff is the holder of said Note.

9. On April 25, 2006, Abraham Sofer executed a mortgage ("Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Central Savings Bank in the sum of $682,500.00.

10. Said mortgage was recorded with the office of the New York City Register, Kings County on May 10, 2006 and all fees were paid.

11. On December 22, 2008, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Central Savings Bank assigned the Mortgage to Citimortgage, Inc.

12. Said assignment was recorded with the New York City Register, Kings County, on January 5, 2009.

13. On January 25, 2013, Citimortgage, Inc. assigned the Mortgage to 1052 Equity 5 LLC.

14. Said assignment was recorded with the New York City Register, Kings County, on February 6, 2013...

15. On January 25, 2013, 1052 Equity 5 LLC assigned the Mortgage to plaintiff.

16. Said assignment was recorded with the New York City Register, Kings County, on February 14, 2013...

17. Defendant Abraham Sofer has defaulted by failing to make timely payments of principal and interest as they came due.

18. By reason of the default, plaintiff has elected that the entire principal sum shall become due and payable.

19. Defendants Hershkowitz Bedding NY, Inc. is named herein because it is the current fee owner of the property.

20. Defendant Eli Kaufman is named herein because defendant Sofer executed a Mortgage in favor of Kaufman, which was recorded on June 2, 2006 and is subordinate to plaintiff's mortgage.

21. Defendant Mortgage Electronic Registration System ("MERS") is named herein because Sofer executed a Mortgage in favor of MERS, which was recorded on May 10, 2006 and is subordinate to plaintiff's mortgage.

22. The City of New York, New York City Environmental Control Board, New York City Parking Violations Bureau and New York City Department of Finance are named as defendants herein because they may claim an interest in the property or have a lien or encumbrance thereon.

23. The aforesaid Mortgage contained, among other provisions, that the holder of the mortgage

shall be entitled to the appointment of a receiver in any action to foreclose the

mortgage, that the mortgagor will pay all taxes, assessments, sewer and water

rates and in default thereof, the mortgagee may pay the same, that in the case of a

foreclosure sale, said premises or so much thereof as may be affected by this

mortgage may be sold in one parcel and that the mortgagor will pay all attorney's

fees and other expenses incurred in foreclosing on said mortgage.

26. In order to protect its security, plaintiff may be compelled during the pendency of

this action to pay taxes, assessments, water rates, sewer rates and insurance

premiums and other charges affecting the premises and plaintiff requests that any

sums so paid by it shall be added to the indebtedness payable to

plaintiff as aforesaid, with interest thereon, and further, that any sums so be

deemed to be secured by the note and mortgage and adjudged to be valid liens

on the premises being foreclosed herein.

27

No other action or proceeding has been commenced by plaintiff to recover the

sum or any part of the sum secured by said note and mortgage or any part thereof.

28. The said mortgaged premises are subject to, and should be sold subject to, the

following as they exist at the time of sale: any state of facts an accurate survey

may show; encroachments, covenants, restrictions, agreements and

easements of record, if any; zoning restrictions and ordinances of any

governmental authority having jurisdiction thereof, affecting said premises;

prior mortgage liens; rights of tenants or occupants in possession, if any, subject

to the termination and extinguishment of such rights, if any, by virtue of this

action and proceeding; and all other terms and conditions contained in the

Judgment of Foreclosure and Sale; building restrictions and regulations;

violations of record, if any, now or hereafter on the premises.

WHEREFORE, plaintiff demands judgment that the defendants, and all persons claiming

under them, be barred and foreclosed of all right, claim, lien and equity of redemption in

said mortgaged premises and in the fixtures and articles of personalty upon which said

mortgage is alien, attached to or used in connection with said premises; that the premises

shall be decreed to be sold in one parcel, according to law; that the foreclosure sale be

made subject to the provisions and statements contained in this complaint; that a Receiver

of the rents, issues and profits of said premises be appointed, with the usual powers and

duties, for the benefit of the plaintiff, during the pendency of this action; that the monies

arising from the sale be brought into court; that the plaintiff may be paid the amount due

as alleged herein, together with interest to the time of such payment, as well as late fees,

together with sums expended by plaintiff during the pendency of this action and for thirty

days after any sale demanded herein for taxes, water rates, assessments, insurance

premiums and other necessary or essential charges or expenses in connection therewith to

protect the mortgage lien, plus any sums expended for the protection or preservation of

the property covered by said mortgage, with interest thereon from the time of such

payment, together with the legal fees provided for in said mortgage, and the costs and

expenses of this action, as far as the amount of such monies properly applicable thereto

will pay the same; that the plaintiff be decreed to be owner of any and all personal

property used in connection with said mortgaged premises.

SOLOMON ROSENGARTEN
Attorney for Plaintiff
1704 Avenue M
Brooklyn, New York 11230
718- 627-4460