UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PARKWOOD DEVELOPMENTS LTD.,

     Plaintiff,

  - against -

ABRAHAM SOFER, HERSHKOWITZ BEDDING
NY, INC, MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, AS NOMINEE OF FIRST CENTRAL SAVINGS
BANK, ELI KAUFMAN, THE CITY OF NEW YORK,
NEW YORK CITY ENVIRONMENTAL CONTROL AND
NEW YORK CITY PARKING VIOLATIONS BUREAU

     Defendants.
------------------------------------------------------------------x

ANSWER

Civil Action No.

13-CV-1062 (ENV) (JMA)

## ANSWER AND AFFIRMATIVE DEFENSES

    Defendant, Eli Kaufman (hereinafter "Kaufman" or "Defendant"), by his attorneys, Tratner & Molloy, LLP, submit this Answer to the Complaint of Parkwood Developments Ltd. ("Plaintiff").

### JURISDICTION AND VENUE

    1.  Defendant admits to the allegations of Paragraph 1.

    2.  Defendant admits to the allegations of Paragraph 2.

    3.  Defendants admits to the allegations in Paragraph 3.

    4.  Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 4. Defendant admits that the address listed on the Automated City Register Information System (hereinafter "Acris") for Plaintiff is an address in London in the United Kingdom.

    5.  Defendant is without sufficient knowledge or information to form a belief as

to the truth or accuracy of the allegations of Paragraph 5. Defendant admits that he is a citizen of the State of New York.

## CAUSE OF ACTION

6. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 6. Defendant admits that as of this date, Acris lists Plaintiff as the current holder of the mortgage on the premises known as 1052 42nd Street, Brooklyn, New York. (the "Premises")

7. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 7.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 8.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 9. Defendant admits that according to Acris on April 25, 2006, Abraham Sofer ("Sofer") purportedly executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Central Savings Bank in the sum of $682,500.00. According to Acris, on April 25, 2006 Abraham Sofer also executed a Mortgage in the amount of $195,000 in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Central Savings Bank, and further on April 25, 2006, Abraham Sofer executed a Mortgage in favor of Defendant, Kaufman in the amount of $350,000.00.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 10. Defendant admits that according to the documents filed on Acris such mortgage mentioned above was recorded on May 10, 2006. The

documents filed on Acris also shows that the mortgage in the amount of $195,000 mentioned above was recorded on May 10, 2006, however the Mortgage in favor of Kaufman was not recorded until June 2, 2006.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 11. Defendant admits that according to the documents filed on Acris, MERS as nominee for First Central Savings Bank assigned the Mortgage to Citimortgage, Inc.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 12. Defendant admits that according to the documents filed on Acris, such assignment was recorded on January 5, 2009.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 13. Defendant admits that according to the documents filed on Acris, Citimortgage, Inc. assigned the Mortgage to Equity 5, LLC.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 14. Defendant admits that according to the documents filed on Acris, such assignment was recorded on February 6, 2013.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 15. Defendant admits that according to the documents filed on Acris, 1052 Equity 5 LLC assigned the mortgage to Plaintiff.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 16. Defendant admits that according to the documents filed on Acris, such assignment was recorded on February 14, 2013.

17. Defendant is without sufficient knowledge or information to form a belief as to

the truth or accuracy of the allegations of Paragraph 17.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 18.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 19. Defendant admits that according to the documents filed on Acris, as of this date the Premises is listed in the name of Hershkowitz Bedding NY, Inc.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 20. Defendant admits that Defendant Sofer executed a Mortgage in favor of Kaufman which was recorded on June 2, 2006.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 21. Defendant admits that according to the documents filed on Acris, Sofer executed a Mortgage in favor of MERS, which was recorded on may 10, 2006.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 22.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 23.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 24.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 25.

26. Defendant is without sufficient knowledge or information to form a belief as to the

truth or accuracy of the allegations of Paragraph 26.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

28.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands. The transfers of the Premises and the Assignments of the Mortgage were made with the intent to defraud creditors, specifically, the Defendant, Eli Kaufman.

### THIRD AFFIRMATIVE DEFENSE

29.     Plaintiff's claims are barred, in whole or in part due to Fraud.  The Assignment of the Mortgage mentioned above on January 25, 2013 from Citimortgage to 1052 Equity 5, LLC, as well as the Assignment of Mortgage from 1052 Equity 5, LLC to Plaintiff were done with the intention of depriving Defendant, Kaufman of his legal rights and by gaining an advantage by unfair means.

### FOURTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims are barred, in whole or in part due to Fraud.  The Premises was transferred numerous times to be summarized as follows:

a) On September 14, 2006, Defendant Sofer transferred the Premises to 42nd Street Properties LLC, an entity owned by Sofer.

b) On October 13, 2010, 42nd Street Properties LLC transferred the Premises to an entity named National City, Inc. According to the documents filed on Acris, Defendant Sofer signed on behalf of 42nd Street Properties LLC and an individual named Samuel Pfeiffer ("Pfeiffer") signed on behalf of National City, Inc.

c) On April 5, 2012, National City Inc. transferred the Premises to an entity named Hershkowitz Bedding NY Inc. According to the documents filed on Acris, Defendant Sofer signed on behalf of National City Inc. (previously signed by Pfeiffer) and Pfeiffer signed on behalf of Hershkowitz Bedding NY Inc.

Pfeiffer signed on behalf of National City, Inc. purchaser of the Premises on the October 13, 2010 transfer, and Sofer signed on behalf of the same National City, Inc. as Seller on the subsequent transfer on April 5, 2012 to the current owner, Hershkowitz Bedding NY Inc. was signed for by Pfeiffer who also signed on behalf of National City, Inc.

Based on the documents filed with Acris, all these transfers were without any consideration. These transfers were done with the intent to defraud the Creditors, specifically, Defendant Kaufman.

## FIFTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred in whole or in part due to Constructive Fraud. The Assignment of Mortgage from 1052 Equity 5, LLC to Plaintiff renders Kaufman insolvent. Further, the numerous transfers of the Premises mentioned above renders creditors such as Kaufman insolvent, and are therefore fraudulent.

## SIXTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims and actions are in violation of Debtor and Creditor Law § 276 and § 278. The transfers and conveyances of the Premises were all fraudulent transfers with the intent of defrauding Defendant Kaufman and in violation of such Debtor and Creditor Laws.

## SEVENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred as a result of the doctrine of Merger. The Foreclosure action should be dismissed and the Mortgage from Plaintiff in favor of Defendant, Sofer should be extinguished. The legal title to the Premises and the mortgage became vested in the same owner, thereby merging the lesser ownership interest into the greater.

On April 5, 2012, National City Inc. transferred the Premises to an entity named Hershkowitz Bedding NY Inc. and owned by Pfeiffer and according to the documents listed on Acris and according to the Plaintiff's Complaint, Hershkowitz Bedding NY Inc. is the current owner of the Premises and has owned the Premises since April 5, 2012.

On January 25, 2013, Citimortgage, Inc. assigned the mortgage on the Premises to 1052 Equity 5, LLC an entity also owned by Pfeiffer.

Since the mortgage is a lesser estate than the title, should the two interests repose with the same person or entity, the mortgage should be extinguished.

**WHEREFORE**, the defendant, Eli Kaufman demands judgment as follows:

1. That the Complaint be dismissed in its entirety with prejudice.

2. That the Defendant be awarded all costs, disbursements and reasonable attorneys' fees.

3. That the Defendants be granted such other and further relief as may be just and proper.

Dated: April 29, 2013
       New York, New York

                                        Yours, etc.,

                                        By: _____
                                        Raphael S. Berlin, [RB 3011]
                                        Tratner & Molloy, LLP
                                        Attorney for Defendant, Eli Kaufman
                                        551 Fifth Avenue, 20th Floor
                                        New York, New York 10176
                                        Tel: (212) 867-1100

To: Solomon Rosengarten, Esq.
    1704 Avenue M
    Brooklyn, New York 11230